IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MIKE PARSONS,

        Plaintiff,

vs.                                       No. 08-2641-JDT/egb

BARRY DEAN LAXTON,

        Defendant.

---

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
(DOCKET ENTRY 2)
ORDER OF DISMISSAL
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Mike Parsons, a resident of Arlington, Tennessee, filed this pro se complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis (Docket Entry ("D.E.") 2) is GRANTED. The Clerk of Court shall record the defendant as Barry Dean Laxton.[1] The Clerk shall not issue process in this case.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff also names "John and Jane Does 1-99" as defendants. It is well settled that a complaint cannot be commenced against fictitious parties. Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendants cannot relate back under Rule 15). Accordingly, the Court construes the complaint as naming Barry Laxton as the sole defendant.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

The allegations of the plaintiff's complaint consist, in their entirety, of the following:

> On September 21, 2007, Mr. Laxton deprived my [sic] of my [illegible] by killing my dog, he shot at me & my wife, filed a false report to police depriving me of my liberty, al of this occurred at or near 590 Hughes Road, Brighton, TN.

He seeks costs, compensatory, and punitive damages.

The only discernible basis for federal jurisdiction of this matter arises from Plaintiff's use of the form complaint for alleging civil rights violations under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendants (1) deprived plaintiff of some right or privilege secured by the Constitution and laws of the United States and (2) acted under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924 (1982); Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 229 (6th Cir. 1985).

Plaintiff's allegations do not demonstrate that the defendant acted under color of state law. Therefore, there is no cause of action under the civil rights acts. West v. Atkins, 487 U.S. 42, 55-57 (1988). In general, private individuals do not act under color of state law. See id.; Polk County v. Dodson, 454 U.S. 312 (1981); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979).

Even though pro se complaints are held to a less stringent standard than those drafted by attorneys, the complaint must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Moralez v. Thiede, 828 F. Supp. 492, 493 (E.D. Mich. 1993). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. In re DeLorean Motor Co. v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993). Plaintiff's complaint fails to demonstrate any basis for this Court's jurisdiction.

The complaint fails to state a claim upon which relief may be granted. The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the court to dismiss this complaint also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.

By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

---

[2] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[3] The district court may extend this deadline one time by thirty days if the motion to extend is filed before the expiration of the original deadline. McGore, 114 F.3d at 610.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE